UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUSHAWN S. MILES, #237011,                    )
                            Plaintiff,        )
                                              )          No. 1:18-cv-352
-v-                                           )
                                              )          Honorable Paul L. Maloney
MICHIGAN DEPARTMENT OF CORRECTIONS,           )
et al.,                                       )
                            Defendants.       )
_____ )

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought pro se by a state prisoner under 42 U.S.C. § 1983

and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C.

§ 2000cc-1(a). The case centers around Plaintiff's allegation that in February 2016,

Defendants violated his rights under the Constitution and RLUIPA when they denied his

request for a religious meal accommodation. On August 1, 2019, United States Magistrate

Judge Phillip J. Green issued a Report & Recommendation ("R&R") recommending that the

Court grant the remaining Defendants', Michigan Department of Corrections (MDOC) and

David Leach, motion for summary judgment (ECF No. 21), deny Plaintiff's motion for a

preliminary injunction (ECF No. 24), and deny Plaintiff's motion for joinder (ECF No. 32;

R&R ECF No. 39). This matter is now before the Court on Plaintiff's objections to the R&R

(ECF No. 40). For the reasons to be discussed, the Court will overrule all objections and

adopt the R&R as the Opinion of the Court.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Plaintiff first argues that the magistrate judge erred when he granted Defendants' motion for summary judgment because several questions of fact still exist. First, Plaintiff argues that a question of fact exists as to whether he actually consumed prohibited foods, so his claims should survive the motion for summary disposition. However, this question of fact

is not relevant, because the mere purchase or possession of foods contrary to a requested diet is sufficient to deny a prisoner's request for that specific diet. *See Russell v. Wilkinson*, 79 F. App'x. 175, 177 (6th Cir. 2003). In his objection, Plaintiff acknowledges that "[t]he evidence establishes that Plaintiff ordered non-halal food from the prison store on multiple occasions" (ECF No. 40 at ¶ 3, PageID.338). Therefore, this objection is meritless; it does not matter whether Plaintiff was eating foods contrary to his requested meal plan because it is undisputed that he possessed foods contrary to the requested meal plan. This objection is overruled.

Plaintiff also argues that questions of fact remain regarding whether he had alternate means to self-select food items that met his dietary needs, and regarding the motivation behind Defendant Leach's denial of his meal plan request. However, on both issues, Plaintiff has raised only vague allegations without supporting evidence. Plaintiff's allegations alone are insufficient to create a question of fact to survive summary disposition. *See Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (noting that a nonmoving party may not rest upon mere allegations but instead must set forth specific facts showing a genuine issue for trial). Further, Defendants have produced evidence that support the magistrate judge's findings: Defendants provided Plaintiff's purchase history, showing that he was purchasing food to supplement his meal plan and that some of these purchases were not Halal (ECF No. 22-4). Plaintiff has presented no evidence to the contrary. And Defendants presented an affidavit of Defendant Leach stating that Plaintiff's meal plan request was denied because of the non-Halal purchases (ECF No. 22-3 at ¶ 6, PageID.134). Again, Plaintiff has presented

3

no evidence to the contrary. Plaintiff' objections based on his own allegations are insufficient to create a question of fact and survive summary judgment. These objections are overruled.

Plaintiff next objects to the R&R's disposition of his RLUIPA claim: Plaintiff recognizes that Defendant Leach has retired, and states that he intended his RLUIPA claims to attach to Leach's successor. Plaintiff does not pinpoint a specific objection, and this Court is not required to address a vague objection. *See Mira*, 806 F.2d at 637. However, the Court notes that the R&R directly addresses this issue and the magistrate judge correctly found that the claims against Leach were not moot because Leach's successor "automatically substituted" in as a party when Leach retired (ECF No. 39 at 13, PageID.328). Plaintiff has not identified any error on this issue, so this objection is overruled.

Plaintiff next argues that the magistrate judge's conclusions were biased because he did not read or consider Plaintiff's pleadings, and because the R&R makes improper "credibility determinations" about evidence. Specifically, Plaintiff objects to the R&R's conclusion that "Plaintiff's [purchase of prohibited food] called into question the sincerity of his professed religious beliefs" (ECF No. 39 at 16, PageID.331). Plaintiff argues that this is a biased characterization of the evidence, and that it shows that the magistrate judge disregarded his pleadings and failed to accept them as true.

This objection is meritless primarily because Plaintiff did not put forth any evidence for the magistrate judge to consider. As the R&R recognizes, plaintiff's complaint is verified under penalty of perjury, so it is considered an affidavit in opposition to Defendants' motion for summary judgment (ECF No. 39 at 7, PageID.322). However, Plaintiff's brief opposing the motion for summary judgment does not contain a statement of facts (ECF No. 23). This

4

brief presents only legal conclusions and Plaintiff's own allegations, which the R&R correctly disregards as insufficient to create a genuine issue of material fact (ECF No. 39 at 7, PageID.322). *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x. 656 662 (6th Cir. 2009); *Pack,* 434 F.3d at 813-14. Further, the specific sentence Plaintiff objects to is directly supported by Defendant Leach's affidavit, which states that he denied Plaintiff's religious meal plan request because Plaintiff was purchasing prohibited foods (ECF No. 22-3 at ¶ 6, PageID.134). Plaintiff agrees that he purchased non-Halal foods (ECF No. 40 at ¶ 3, PageID.338). This pattern of continued non-Halal purchases reasonably led Defendant Leach to question the sincerity of Plaintiff's religious beliefs. Plaintiff's allegation that the R&R is biased or erroneous based on its evaluation of the evidence is overruled.

Plaintiff continues by arguing that a question of fact still exists regarding whether his religious beliefs were sincerely held. Plaintiff cites *Hall v. Martin*, 2015 WL 1191886 (W.D. Mich., Mar. 11, 2015), as support for his proposition, but fails to acknowledge that *Hall* does not involve the purchase of prohibited items. *Id.* Rather, *Hall* involves the denial of a religious meal plan request based on prison officials' subjective determination that plaintiff did not have "sincerely" held religious beliefs about Kosher veganism. *Hall* is not persuasive here. Moreover, Plaintiff has failed to present evidence that his religious beliefs were sincerely held to oppose Defendant's evidence that Plaintiff purchased non-Halal foods. Accordingly, the R&R's determination that Plaintiff's sincerity was questionable is supported by the evidence, and this objection is overruled.

Plaintiff's next objection concerns the R&R's reliance on *Berryman v. Granholm*, 343 F. App'x 1 (6th Cir. 2009). Plaintiff argues that *Berryman* is inapplicable because it involves

the consumption of prohibited foods, and he was not actually eating the prohibited foods he possessed. This argument fails: in *Berryman*, the Sixth Circuit accepted plaintiff Berryman's allegation that he ordered and signed for, but did not eat, non-Kosher food; even so, his removal from the Kosher meal plan was proper. *Berryman*, 343 F. App'x at 6. Plaintiff's characterization of *Berryman* is incorrect, and this objection is overruled.

Plaintiff also objects to the magistrate judge's denial of his motion for a preliminary injunction because he is still suffering irreparable harm, as evidenced by the second denial of a religious meal plan request in 2018. Plaintiff sets forth a cursory argument claiming that because of these denials, he is being forced to violate the tenets of his religion. However, as recognized in the R&R, Plaintiff is consistently purchasing foods that violate the tenets of his religion. It is unclear how the meal plan denial harms plaintiff more than the purchase of non-Halal foods. Further, the Court notes that the magistrate judge correctly found that there has been no violation of Plaintiff's constitutional rights; therefore, no harm could now stem from such a violation. This objection is overruled.

The final paragraphs of Plaintiff's objection revive his argument that the R&R is biased and makes erroneous evidentiary conclusions. Plaintiff raises no new arguments here, nor does he make any specific objections. Therefore, as discussed above, Plaintiff's objection is overruled.

Order

This Court finds no error in the R&R, and accordingly,

**IT IS ORDERED** that the August 1, 2019 R&R (ECF No. 39) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 40) are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (ECF No. 24) and motion for joinder (ECF No. 32) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 21) is **GRANTED.**

**JUDGMENT TO FOLLOW.**

Date:  September 24, 2019                                      /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge