UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KUSHAWN MILES #237011,

    Plaintiff,                                  Hon. Paul L. Maloney

v.                                            Case No. 1:18-CV-352

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Emergency Restraining Order and Preliminary Injunction. (ECF No. 48). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

**ANALYSIS**

According to Plaintiff, the facility where he is housed has limited access to the prison law library due to concerns regarding Covid-19. (ECF No. 49, PageID.399). Specifically, the facility indicated that the law library would be available only to those prisoners that "have a confirmed active court case or proof of need to use Lexis Nexis." (*Id.*). Plaintiff asserts that, despite pursuing several civil actions in federal court, he has not been permitted to visit the law library in "almost two weeks." (ECF No. 48, PageID.394). Plaintiff asserts that his right of access to the courts is being violated. Plaintiff, therefore, requests that the Court intervene.

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites, each of which must be satisfied, the non-dispositive relevant factors are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. First, Plaintiff has failed to demonstrate that he would prevail on any claim of denial of access to the courts. While Plaintiff asserts that he has not been permitted to physically go to the law library, he does not assert that he has been denied access to law library materials. Materials submitted by Plaintiff indicate that, while physical access to the prison's law library is presently limited, "law library materials will continue to be made available to

[prisoners]." (ECF No. 49, PageID.400). While Plaintiff laments the *possibility* that he might eventually suffer an inability to prosecute his various civil claims, he presents no evidence that he has or is even likely to suffer prejudice to any civil claim.

Furthermore, Plaintiff has failed to establish that he is likely to suffer irreparable injury in the absence of injunctive relief. Were Plaintiff to suffer a violation of his right of access to the courts, he can bring a civil suit for monetary damages. Finally, the public interest is not served by interfering in the day-to-day operations of the Michigan Department of Corrections in the absence of evidence warranting such. In sum, consideration of the relevant factors weighs against Plaintiff's motion.

## CONCLUSION

Accordingly, the undersigned recommends that Plaintiff's Motion for Emergency Restraining Order and Preliminary Injunction (ECF No. 48) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 11, 2020        /s/ Phillip J. Green
                             PHILLIP J. GREEN
                             United States Magistrate Judge